IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TIMOTHY A. STEVENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:11-CV-305 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Timothy A. Stevens on August 22, 2011. For the reasons set forth below, the petition is **DENIED** pursuant to § 2254 HABEAS CORPUS RULE 4 and the clerk is **DIRECTED** to send Timothy A. Stevens a 42 U.S.C. § 1983 Prisoner Complaint packet.

BACKGROUND

Timothy A. Stevens, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge the prison disciplinary proceeding held at the Westville Correctional Facility on February 24, 2011, where he was found guilty of failing a urinalysis in violation of B-202. As a result, he was given a suspended sentence and there is no indication that he has lost any earned credit time as a result of the proceeding in WCC11-02-0327. However, as a

collateral consequence of being found guilty, he lost his job in the law library.  Stevens filed a disciplinary hearing appeal and a supplemental appeal to the superintendent who denied the first on March 17, 2011, and the second on March 23, 2011.  In both, Stevens was advised that, "you have further appeal rights."  (DE # 1 at 15-16).  Nevertheless, it does not appear that Stevens filed any other disciplinary hearing appeals.  Rather, he filed a classification appeal which was denied on May 6, 2011.  (DE # 1 at 18).  Stevens then initiated an offender grievance which was also denied.  (DE # 1 at 29).  Though Stevens has submitted a number of attachments, there is no indication that he ever appealed to the Final Reviewing Authority.

DISCUSSION

The results of a prison disciplinary hearing can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement.  *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003).  Here, Stevens does not state that he lost any earned credit time as a result of this hearing.  Nevertheless even if he had lost time, he still could not obtain habeas corpus relief in this case because "to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . .."  *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir.

2002). Here, Stevens did not appeal to the Final Reviewing Authority; therefore, he has not preserved any claims for review in this Court.

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions – when the decision may be challenged at all, which under *Sandin v. Conner* will be uncommon.

*Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (citations omitted). Here, because this disciplinary proceeding did not result in the lengthening of the duration of Stevens' confinement, habeas corpus relief is not available in this proceeding.

Though Stevens could have attempted to challenge the non-duration lengthening punishments by filing a civil rights complaint, he clearly did not file a civil rights complaint and it would be inappropriate to convert his habeas corpus petition into one.

> If, as normally will be the case, conversion is improper, the district court should include a short and plain statement in its order that states: (1) that the court is not making a decision on the ultimate merit of the case; (2) that the prisoner may refile immediately under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits; and (3) that refiling under the proper label will probably have certain consequences. Had this procedure been in effect for Glaus's case, the court would have informed Glaus that if he chose to pursue a [Civil Right's] claim . . .

> an adverse decision might count toward the three free civil rights claims the PLRA allows him. *See* 28 U.S.C. § 1915(g).

*Glaus v. Anderson*, 408 F.3d 382, 390 (7th Cir. 2005).

Thus, even though the Court will direct the Clerk to send Stevens a 42 U.S.C. § 1983 Prisoner Complaint packet so that he may (if he so chooses) immediately file a civil right's claim, Stevens should not infer that by doing so the Court has expressed any opinion as to the wisdom of doing so or the merits of such a claim. Furthermore, Stevens is cautioned that if he does so, he will have to pay the $350.00 filing fee for such a case either in advance or over time and that if the case is found to be meritless, he may incur a "strike" pursuant to 28 U.S.C. § 1915(g).

CONCLUSION

For the reasons set forth above, the petition is **DENIED** pursuant to § 2254 HABEAS CORPUS RULE 4 and the clerk is **DIRECTED** to send Timothy A. Stevens a 42 U.S.C. § 1983 Prisoner Complaint packet.

**DATED: September 8, 2011**            /s/RUDY LOZANO, Judge
                                        **United State District Court**